IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01708-JLK-MEH

JENNY L. SVENBY,

    Plaintiff,

v.

COUNTRYWIDE BANK, FSB, a Federal Savings Bank,
BANK OF AMERICA, N.A., a National Band, and
BAC HOME LOANS SERVICES, LP, a Texas limited partnership,

    Defendants.

## RECOMMENDATION ON MOTION FOR JOINDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Add Darrell Svenby as Necessary Party Defendant ("Motion") [docket #25]. The matter is briefed,[1] and oral argument would not materially assist the Court in adjudicating the motion. For the reasons set forth below, the Court RECOMMENDS that Defendants' motion be **denied**.[2]

---

[1] Defendants did not file a reply to the response within the time set forth in D.C. Colo. LCivR 7.1C.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## I. Background

In its motion, Defendants seek to add an additional defendant, Darrell Svenby, the Plaintiff's ex-husband, as a necessary party to this lawsuit. The current operative pleading, Plaintiff's Verified Complaint for Declaratory Relief [*see* docket #1-3], seeks (among other relief) a declaration that a Promissory Note and Deed of Trust, reflecting Plaintiff's signature executed by Mr. Svenby as "her attorney in fact," are invalid since the Plaintiff claims Mr. Svenby forged the power of attorney document and since she never gave him authority to execute the Promissory Note and Deed of Trust. Defendants argue that the Court cannot accord complete declaratory relief among the existing parties without the joinder of Mr. Svenby, since he is a signatory on the challenged instruments and, thus, his personal financial and property interests are directly implicated by the Plaintiff's allegations. In response, the Plaintiff contends that Mr. Svenby is not a necessary party to this action since each signatory is fully obligated under the Promissory Note and since any determination regarding the Note or Deed of Trust would in no way affect Mr. Svenby's separate undivided interest in the property. In the alternative, the Plaintiff asserts that if the Court were to find Mr. Svenby a necessary party, then the Court should allow the action to proceed without him.

## II. Analysis

Defendants bring their motion pursuant to Fed. R. Civ. P. 19. Rule 19 requires the district court to "first determine whether the absent party is necessary to the lawsuit and, if so, whether joinder of the absent party is feasible." *Davis v. United States,* 192 F.3d 951, 957 (10th Cir. 1999). A person is "necessary" under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties, or (B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a) (2009).  If joinder of a necessary party is not feasible, the court must then decide "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed."  *Davis*, 192 F.3d at 959.  The factors to be weighed by the district court in making this decision are enumerated in Rule 19(b).

In this case, Mr. Svenby is not claiming any interest.  Instead, Defendants claim that the Court cannot accord complete relief among the existing parties because Mr. Svenby's financial and property interests would be implicated by a declaration that the challenged Promissory Note and Deed of Trust ("Instruments") are invalid as against the Plaintiff.  Defendants assert that an adjudication releasing the Plaintiff from any obligations under the Instruments would necessarily increase Mr. Svenby's obligations in the jointly held property and, thus, Mr. Svenby should be present in this action to defend against such adjudication.

The Court is not persuaded.  First, this Court agrees with the Plaintiff that the Promissory Note imposes upon the signatories the obligation that "each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed."  *See* Note, ¶ 8, docket #1-4 at 48.  Thus, a declaration releasing the Plaintiff from the Note's obligation does not affect Mr. Svenby's existing obligation under the Note.  Next, this Court agrees with Plaintiff's unchallenged proposition that, as a tenant in common, Mr. Svenby may only convey or encumber an interest that he himself owns.  *See Taylor v. Canterbury*, 92 P.3d 961, 964 (Colo. 2004) (en banc) (each co-tenant in a tenancy in common possesses the right to unilaterally alienate his or her interest through sale, gift or encumbrance).  Thus, whether the Court invalidates the Deed of Trust as an encumbrance against the Plaintiff's interest will have no effect upon the validity of the encumbrance against Mr. Svenby's interest in the property.  Finally, this Court disagrees that Mr. Svenby must be present in this action to defend against any claims of forgery.  The declaration

that the Plaintiff seeks through this action does not necessitate a finding that Mr. Svenby committed forgery; rather, the Court need only determine whether the Plaintiff legally and properly executed the challenged Instruments.

Therefore, the Court recommends finding that Mr. Svenby is not a necessary party who must be joined in this case pursuant to Fed. R. Civ. P. 19.

### III. Conclusion

Accordingly, for the reason stated above, it is hereby RECOMMENDED that the Defendants' Motion to Add Darrell Svenby as Necessary Party Defendant [filed December 7, 2009; docket #25] be **denied**.

Dated at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge